WILLIAM BEATTY

*v.*

THOMAS R. CLEGG *et al.*

*Opinion filed February 21, 1905.*

EQUITY—*equity has no jurisdiction to establish a lost will.* A court of equity, in this State, has no jurisdiction to establish the existence of a lost or destroyed will, since that matter, as well as the matter of probating the will after proof of the necessary facts, is conferred by the constitution and by statute upon the county court.

APPEAL from the Circuit Court of Coles county; the Hon. JAMES W. CRAIG, Judge, presiding.

ANDREWS & VAUSE, for appellant:

Wills, in Illinois, may be probated at any time. *Rebhan* v. *Mueller,* 114 Ill. 343; *Reid* v. *Benge,* 57 L. R. A. 253.

In England, in case of loss or destruction of a will devising real estate, the only remedy of a devisee was to establish

the will by a suit in equity. 23 Am. & Eng. Ency. of Law, (2d ed.) 145.

There is a conflict of authority in the United States as to whether a court of probate has jurisdiction, independently of statute, to admit a lost or destroyed will to probate. 23 Am. & Eng. Ency. of Law, (2d ed.) 145.

In some States it is held that no such power exists, and that the only remedy in such cases is in chancery. *Buchanan* v. *Matlock,* 8 Humph. 390; *Waggener* v. *Lyles,* 29 Ark. 47; *Townsend* v. *Townsend,* 4 Caldw. 70; *Hall* v. *Allen,* 31 Wis. 691.

In many States the jurisdiction of the probate court is held to be concurrent with equity jurisdiction in the premises. 23 Am. & Eng. Ency. of Law, (2d ed.) 145, note 4.

In the probate court, proof of due execution of a will is confined to the testimony of the subscribing witnesses, but in the circuit court the proponents may resort to any legitimate evidence. *Gould* v. *Theological Seminary,* 189 Ill. 282; *Thompson* v. *Owen,* 174 id. 229.

Almost any cloud, claim or impediment to a title may be settled and disposed of in a partition case. *Harrer* v. *Wallner,* 80 Ill. 197; *Henrichsen* v. *Hodgen,* 67 id. 179; *Breit* v. *Yeaton,* 101 id. 272; *Labadie* v. *Hewitt,* 85 id. 344; *Gage* v. *Lightburn,* 93 id. 252; *Flaherty* v. *McCormick,* 113 id. 544; *Mott* v. *Danville Seminary,* 129 id. 414; *Wilson* v. *Dresser,* 152 id. 390.

An unprobated will is capable of conveying an interest in the property devised, so as to be the foundation of an equity in and claim to the property. 23 Am. & Eng. Ency. of Law, (2d ed.) 118.

It is a general rule that a will speaks as of the death of the testator. 1 Underhill on Wills, 21.

The weight of authority is in favor of the position that a man may make a valid agreement to dispose of his property in a particular way by will, and that such contract may be enforced in equity, after his decease, against his heirs,

devisees or personal representatives. *Whiton* v. *Whiton,* 179 Ill. 32.

Nor is it within the Statute of Frauds where the agreement was executed by making the will, even though the will is lost. *Whiton* v. *Whiton,* 179 Ill. 32; *Keith* v. *Miller,* 174 id. 64.

Courts of equity in Illinois have full power to establish a will as well as to revoke one already probated. *Wolf* v. *Bollinger,* 62 Ill. 368.

EDWARD C. & JAMES W. CRAIG, Jr., and HARRY C. COX, for appellees:

No will in this State can be good and available for the granting, conveying and assuring lands, goods or chattels until proven to the satisfaction of the probate court and admitted to probate in that court. Hurd's Stat. chap. 148, sec. 2; *Hicks* v. *Deemer,* 187 Ill. 169; *Missionary Society* v. *Eells,* 68 Vt. 497; *Dublin* v. *Chadbourn,* 16 Mass. 441; *Morning Star* v. *Selby,* 15 Ohio, 345; *Shumway* v. *Holbrook,* 1 Pick. 114.

The probate of a will is the judicial determination of its character and validity as such, and until it has been duly admitted to probate in the proper court it is wholly inefficient as an instrument of title. 23 Am. & Eng. Ency. of Law, (2d ed.) 117; *Harris* v. *Douglas,* 64 Ill. 466.

"County courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, appointment of guardians and conservators, and settlements of their accounts, in all matters relating to apprentices, and in proceedings for the collection of taxes and assessments, and such other jurisdiction as may be provided for by general law." Const. of 1870, art. 6, sec. 18.

The Statute of Wills of this State applies to lost wills as well as to wills that can be exhibited in open court, and a will, although lost, must be probated in the county or probate

court. *Matter of Page,* 118 Ill. 577; 16 Ency. of Pl. & Pr. 1065; *Tynan* v. *Paschal,* 27 Tex. 286; *Missionary Society* v. *Eells,* 68 Vt. 497.

A court of chancery, in this State, has no jurisdiction in reference to the probating of wills, and cannot entertain a bill which has for its purpose the proving and establishing of a will. *Wild* v. *Sweeney,* 84 Ill. 213; *Stetson* v. *Stetson,* 200 id. 618.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is a suit for the partition of eighty acres of land and several town lots at one time owned by George Beatty, who died in 1893, leaving his daughter, Elizabeth Beatty, his only heir-at-law. She claimed the town lots as heir-at-law and the land by virtue of a deed from her father, George Beatty, dated August 29, 1885, under which she occupied said land until her death, on March 31, 1904. Her heirs-at-law were three uncles on her mother's side, two of whom were complainants in the original bill filed in the circuit court of Coles county and the other was a defendant. One of the complainants died and his widow and heirs were substituted in his place. Appellant was also made a defendant under an allegation that he claimed some interest in the premises, which was disputed by complainants. He filed a separate answer denying that Elizabeth Beatty had title to the premises except a life estate with remainder to him at her death. He also filed his cross-bill, alleging, in substance, that his father was a brother of George Beatty, father of Elizabeth Beatty, from whom she claimed title, and his mother was a sister of George Beatty's wife; that appellant's mother, when ill and without hope of recovery, gave him, when two months old, to George Beatty, her husband's brother, and his wife, her sister, upon an agreement that they would raise him as their own son and make him an heir equally with their own children; that his mother died when he was two years old and

he was raised by George Beatty and wife, and did not know until he was grown that he was not their son; that in 1883 George Beatty, in furtherance of said agreement, gave him all the property that he might die seized of, subject to the support and maintenance of Elizabeth Beatty during her life, and agreed to make a will to that effect; that in August, 1885, George Beatty made the deed of eighty acres of land to his daughter, Elizabeth, but the deed was not delivered; that afterward, in 1886, he made, published and declared his last will and testament, in due form of law devising all his property to his daughter, Elizabeth Beatty, for her natural life and at her death to the appellant; that the will remained in full force and effect at the time of the death of George Beatty but for some reason was never probated; that after his death Elizabeth Beatty got possession of said deed and had it recorded; that the will disappeared and upon diligent search and inquiry the appellant had been unable to find it, and that he was willing and able to establish and prove it. The prayer of the cross-bill was that the court should establish the alleged will of George Beatty and that the original bill should be dismissed. The cross-bill was demurred to and the demurrer was sustained and the cross-bill dismissed. After a reference to a master a decree for partition was entered, and there was a subsequent decree for sale of the premises.

The question to be decided is whether a court of equity has jurisdiction of a bill to establish and prove a lost or destroyed will. Appellant concedes that if a court of equity should take jurisdiction and establish the will, it must afterward be probated in the county court to become operative as a will and to be available as a grant or devise of the land and lots to him. That is correct, since a will is not evidence of title until it has been admitted to probate. (*Hicks* v. *Deemer,* 187 Ill. 164.) A court of equity will not recognize nor act upon a will until it has been admitted to probate. (3 Pomeroy's Eq. Jur. sec. 1158, note.) His claim is, that he may

first establish the will in a court of equity by proving that it was duly executed according to law by George Beatty; that it was in existence and unrevoked at the time of his death so as to become operative as a will, and that it was lost or destroyed, and by also proving its contents by secondary evidence, so as to have a substantial copy of the will to present to the county court for probate. If the will must be presented to the county court after being established in a court of equity, the statute providing for a petition and for notice to heirs-at-law or legatees would apply, and they must be brought in for a hearing upon the same question already heard and decided by the court of equity. The county court has original jurisdiction to determine whether an instrument presented for probate is the will of the testator or not, and if that question can be first adjudicated by a court of equity, the county court, instead of exercising the jurisdiction committed to it by the constitution and statute, could only register the conclusion of the court of equity. At one time in England courts of equity entertained bills to establish lost or destroyed wills devising real estate, but the reason was that there was no jurisdiction in any court to admit to probate such a will. The ecclesiastical courts had jurisdiction of wills of personalty, and in case of the loss, destruction or suppression of such a will could declare probate upon proof of its contents. A will devising real estate could not be probated once for all, but was regarded as a muniment of title which was required to be proved whenever necessary to establish title, and was subject to attack whenever offered in evidence. The only mode of testing the validity of such a will, where the devisee was in possession, was by an action of ejectment by the heir; but the devisee in possession could not bring ejectment, and might establish the validity of the will by a bill in equity in the nature of a bill to quiet title and to relieve him from the cloud of the adverse claim. (*Missionary Society* v. *Eells,* 68 Vt. 497; Pomeroy's Eq. Jur. *supra;* 23 Am. & Eng. Ency. of Law,—2d ed.—145.) The reason

for the exercise of that jurisdiction does not now exist in England and never had any existence in this State. Section 18 of article 6 of the constitution gives to county courts original jurisdiction in all matters of probate, and the Statute of Wills provides for the exercise of the jurisdiction and the probate of wills in that court. That jurisdiction includes the probate of lost or destroyed wills upon proof of the facts required by the statute, with additional proof of the loss or destruction of the will and its contents. (*In the matter of Page,* 118 Ill. 576.) The jurisdiction was also recognized in the case of *Boyle* v. *Boyle,* 158 Ill. 228. That a court of equity has no jurisdiction to admit a will to probate was decided in *Wild* v. *Sweeney,* 84 Ill. 213, where it was held that the clear intent of the constitution was to give exclusive original jurisdiction to the county court over the subject of the probate of wills. As the court of equity had no jurisdiction to grant the relief prayed for by the cross-bill, there was no error in sustaining the demurrer and dismissing the bill.

The decree is affirmed.                    *Decree affirmed.*