LUSETTA L. MATHER *et al.* Appellees, *vs.* CHARLES W. MINARD, Appellant.

*Opinion filed October 28, 1913.*

1. WILLS—*court of equity has no jurisdiction of bill to establish a lost will.* A court of equity has no jurisdiction of a bill to establish the existence of a lost or destroyed will, as that matter, as well as the probating of the will after it has been established, is within the exclusive jurisdiction of the probate court.

2. SAME—*probate court has jurisdiction to determine effect of alterations.* Whether alterations in a will were fraudulently or innocently made, and what effect the same shall have upon the devises or bequests, are questions to be determined by the probate court upon application to admit the will to probate, and if the parties are dissatisfied with the order of the probate court in that regard they should appeal, instead of attempting to bring the matter before a court of equity by original bill.

APPEAL from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

BRADLEY, HARPER & EHEIM, for appellant.

JOHN R. PHILIP, and W. S. JOHNSON, for appellees.

Mr. CHIEF JUSTICE COOKE delivered the opinion of the court:

On June 11, 1911, Mattie R. Minard departed this life at her home in Maywood, in Cook county, leaving her surviving Charles W. Minard, her husband, Lusetta L. Mather, her sister, and J. Dalas Raver, her brother, as her only heirs-at-law. Thereafter, on July 27, 1911, upon the petition of Charles W. Minard, an instrument was admitted to probate by the probate court of Cook county as and for the last will and testament of Mattie R. Minard. This instrument, which was dated June 20, 1901, upon its face contained certain alterations. As originally drawn the testatrix devised and bequeathed all her property, real and

personal, to her husband. The next provision of the will was as follows: "If it be his wish, I desire my engagement ring given to Mabel Herschbach and my wedding ring to Mattie Grunewald, and some token of solid silver to Mrs. A. F. Mather, Mrs. J. D. Raver, Mollie Raver, Wilmina Raver, Wilhelmina Mather and Esther Perry. To Mrs. A. H. Grunewald my garnets, some solid silver, and returned to her the beautiful china, cut glass, lace and works of art she gave to me. The aforesaid Charles W. Minard to be executor of this will without bond." The alterations consisted of interlining the words, "except as hereinafter stated," in the clause devising and bequeathing all her property to her husband, and in drawing oblique lines through the provision above quoted. The probate court found that these alterations had been made by some unknown person after the will was executed by Mattie R. Minard and admitted the instrument to probate in its original form. Thereupon letters testamentary were issued to Charles W. Minard, as executor. Thereafter, on October 2, 1911, Lusetta L. Mather and J. Dalas Raver filed their bill of complaint in the superior court of Cook county against Charles W. Minard, individually and as executor, and the other persons named in the will which had been admitted to probate, alleging that the alterations appearing upon the face of that will were made by Charles W. Minard without the knowledge or consent of his wife, and also alleging that subsequent to the date of said will, and on or about June 15, 1908, Mattie R. Minard, in the presence of two attesting witnesses and in all respects in accordance with the requirements of the statute, made and published another and subsequent will, which was in existence and in full force at the time of her death; that after the death of Mattie R. Minard the said Charles W. Minard removed said instrument from a box in which it had been kept by his wife and now has the same in his possession; that by

the will of June 15, 1908, Mattie R. Minard bequeathed certain legacies to her relatives, among others being a legacy of $500 to her niece, Mattie Raver, and one for the same amount to her nephew, Charles Raver. The prayer of the bill was that the will of June 20, 1901, which had been admitted to probate, be found and declared by the court to be null and void and not the last will and testament of Mattie R. Minard and that the same be set aside, and that the will of June 15, 1908, be declared to be the last will and testament of Mattie R. Minard and to have been in full force and effect, as such, at the time of her death. Charles W. Minard, personally and as executor, answered the bill, denying the making of alterations in the will of June 20, 1901, and denying the execution of a subsequent will by Mattie R. Minard. A hearing was had before the chancellor, without a jury, and resulted in the entry of a decree finding the allegations of the bill to be true. The decree specifically finds, among other things, that the alterations appearing on the face of the instrument of June 20, 1901, were made by Charles W. Minard after the execution of the instrument by Mattie R. Minard, and that they were made without her knowledge or consent. It further finds that afterwards, and on or about June 15, 1908, Mattie R. Minard, in the presence of two attesting witnesses and in all respects in accordance with the requirements of the laws of this State, executed her last will and testament, and that the same was in existence and in full force and unrevoked at the time of her death; that Charles W. Minard had this will in his possession when he caused the instrument of June 20, 1901, to be probated, but suppressed it and did not file or deliver up the same to the probate court of Cook county. The decree finds that the instrument of June 20, 1901, is not and was not the last will and testament of Mattie R. Minard, and orders and adjudges that it, and the probate thereof, be set aside and declared null and void. Charles W. Minard, personally and as ex-

260 − 12

ecutor of the last will and testament of Mattie R. Minard, has prosecuted this appeal to reverse the decree of the superior court.

Upon the hearing before the chancellor proof was made that Charles W. Minard had, since the death of his wife, admitted to certain of her relatives that he had made the alterations in the will of June 20, 1901, while his wife was living, expecting to use it as a model for a new will, and that a new will was written in 1908 but was never properly witnessed.

The principal ground relied upon for reversal is, that the superior court was without jurisdiction to adjudge the will of June 20, 1901, to be null and void and to set aside the probate thereof, either upon the ground that the evidence established the existence of a subsequent will, the same not having been probated, or upon the ground that the former will had been altered by appellant without the knowledge or consent of the testatrix, such alterations not being a part of the instrument admitted to probate by the probate court of Cook county as the last will and testament of Mattie R. Minard.

In this State a court of equity has no jurisdiction to establish the existence of a lost or destroyed will, as that matter, as well as the probating of the will after it has been established, is within the exclusive jurisdiction of the probate court. *Beatty* v. *Clegg,* 214 Ill. 34.

The other question raised by the bill was also one which could be determined only in the probate court. Whether spoliations have been fraudulently or innocently made, and what effect the same may have on devises or bequests to the one making the alterations, are questions to be determined on the application to admit the will to probate. This very matter was heard and determined by the court in the matter of the probate of this will, and if appellees felt aggrieved at the order of the probate court they should have appealed.

The superior court was without jurisdiction to entertain the bill. The decree is accordingly reversed and the cause remanded to the superior court, with directions to dismiss the bill.

*Reversed and remanded, with directions.*