JOSIAH C. RARDIN, Appellee, *vs.* J. RILEY RARDIN,
Appellant.

*Opinion filed December 22, 1915.*

1. PRACTICE—*when notice of motion to restore files is required.*
After judgment has been entered the court has no jurisdiction to
enter an order restoring files in the cause alleged to have been lost,
except upon notice to the parties interested and upon satisfactory
evidence that the original files have been lost and that the files sup-
plied are substantial copies of the originals.

2. SAME—*rule as to restoring files lost before judgment.* In the
progress of a case and before judgment, if a paper is lost a copy
can be substituted only on proof of the loss and that the substituted
paper is a substantial copy.

3. SAME—*when no notice of motion to restore lost files is nec-
essary.* If the original will is in the files when the order of the
probate court is entered and when the circuit court acquires juris-
diction of the case on appeal but it is subsequently lost, the lost
will may be supplied upon proper proof and without notice to the
adverse party, if there is no rule of the circuit court requiring no-
tice of motions.

4. SAME—*when an appeal is perfected the parties must follow it
without further notice.* Where an appeal is perfected in the lower
court the parties must follow the appeal without further notice, and
are in the court to which the appeal is taken without service of
process and for all purposes.

5. SAME—*when action of court in restoring files is not saved
for review.* The question whether the court acted upon sufficient
evidence in permitting alleged lost files to be restored upon motion
is not saved for review when no bill of exceptions is taken.

6. WILLS—*what is not a proceeding to establish a lost or de-
stroyed will.* If the original will is lost after the circuit court has
acquired jurisdiction of an appeal from the order of the probate
court, the fact that it becomes necessary to restore the files by
substituting a copy of the will does not deprive the circuit court of
jurisdiction on the alleged ground that the proceeding is one to
establish a lost or destroyed will.

7. SAME—*when objection that an appeal bond is to wrong party
cannot be entertained.* An objection that the bond, on appeal from
an order of the probate court denying the probate of a will, should
have run to the adverse party instead of to the estate of the tes-
tatrix cannot be entertained in the Supreme Court, where the rec-

ord does not show any objection to the bond or any motion to dismiss for an insufficient bond.

8. SAME—*what evidence sufficient to show death of testatrix.* In a proceeding to probate a will, the fact that the witnesses refer to the testatrix, with whom they were acquainted, as "Mahaly Rardin, deceased," constitutes sufficient evidence of her death.

9. SAME—*when will is properly admitted to probate.* A will in proper form is properly admitted to probate where the attestation clause contains all the particulars of a good attestation and one witness testifies to all the requirements of the law, while the other witness, though he does not remember the circumstances, testifies that his signature is genuine and that he knows he asked the testatrix if the instrument was her will, because when witnessing wills he always went through the regular formalities and asked the necessary questions.

APPEAL from the Circuit Court of Clark county; the Hon. WALTER BREWER, Judge, presiding.

EVERETT CONNELLY, for appellant.

J. W. GRAHAM, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Clark county made an order admitting to probate an instrument as the will of Mahaly Rardin, deceased, on the petition of her surviving husband, the appellee, Josiah C. Rardin. That order was afterward set aside by the court because notice had not been given as required by the statute and the court had no jurisdiction to make any order. Notice having been given as provided by law, the appellant, Jackson Riley Rardin, appeared and resisted probate of the instrument, and the court, upon hearing the testimony of the subscribing witnesses, refused probate. An appeal was taken to the circuit court and a transcript of the proceedings was filed in that court. At the March term, 1915, of the circuit court, on motion of the appellee, an order was entered granting leave to supply, by the first day of the next term, the files alleged to have

been lost. At the July term, 1915, the appellee and appellant appeared, and the appellee moved the court to enter an order showing that the files had been restored by the filing of copies marked with a file-mark of July 8, 1915. The appellant objected because no notice had been given to him of the application to restore the files and no hearing had been had on such application. The objection was overruled and the appellant excepted, and the court entered an order reciting that the files had been supplied by the papers marked filed on July 8, 1915. The court thereupon proceeded to hear the cause, and the appellee called the attorney for the appellant as a witness, and he testified that he was attorney for the appellant in the proceedings in the probate court and resisted the application to admit the instrument to probate; that he saw and read the original will and had his stenographer make a copy of it; that the paper then produced was a true copy of the original will; that on the Saturday evening before the circuit court convened for the March term, 1915, he had the original will, with other papers, in his office and left the same in his office desk when he left the office Saturday evening; that he returned to his office on the following Monday morning and found that the desk had been broken open, the telephone wires cut, the drawers of the filing cabinet removed and contents scattered upon the floor; that an attempt had been made to open his safe, and that the original will was gone and he had searched for it but had been unable to find it. There were two other copies of the original will, one being a copy of the copy attached to the petition filed in the county court as contained in the transcript filed in the circuit court, and the other a copy of the probate record where the will was recorded in the county court, and both were certified to by the clerk of the county court. The court admitted in evidence, over the objection of the appellant, all the copies. The appellant objected to any hearing concerning the lost will or these copies on the ground that the proceeding was

to establish a lost or destroyed will, of which the circuit court did not have jurisdiction. The objection was overruled. The attestation clause contained all the particulars of a good attestation and one witness to the will testified to all the requirements of the law. The other witness testified that he saw the original and his signature to it was in his own handwriting, and that, although he did not remember the circumstances, he knew that he asked the testatrix if it was her will, because when witnessing a will he always went through the regular formalities and asked the necessary questions. The court admitted the instrument to probate, and this appeal from the judgment was prosecuted.

It is contended by the appellant that the order made at the March term, 1915, of the circuit court was without authority of law and void because he had no notice of the motion and no opportunity to be heard. After a judgment a court has no jurisdiction over files of the cause alleged to have been lost except upon notice to interested parties and upon satisfactory evidence that the original files have been lost and that the files supplied are substantial copies of the originals. In such a case an order substituting a copy without notice to parties adversely interested is a nullity and binding on no one. (*Harris* v. *Lester,* 80 Ill. 307; *Blake* v. *Miller,* 118 id. 500.) In the progress of a case, and before judgment, if a paper is lost a copy can be substituted only on proof of the loss and that the substituted paper is a substantial copy. A want of such proof would constitute error which might be prejudicial, but where an appeal is perfected in the lower court the parties must follow the appeal without further notice and are in the court to which the appeal is taken without service of process. Where an appeal is so taken a party is bound to take notice of the appeal and follow the case and is in the court for all purposes. In the absence of some rule of court requiring notice of a motion, notice is not required, and it does not appear that there was any rule of the circuit court of Clark county

requiring any notice. No bill of exceptions was taken to show that there was no evidence of the loss of the original will, so that the action of the court on the motion cannot be reviewed. At the July term, 1915, when the motion was made for an order showing that the files had been restored by filing copies, the attorney for the appellant was examined, and it was proved that the original will was lost while in his possession and without his fault and that one of the copies was made by his stenographer and was a true copy. The other two copies were certified by the clerk of the county court, and there was no error in the order reciting that the files had been restored.

The appellant objected to a hearing on the ground that the proceeding was to establish a lost or destroyed will while the jurisdiction for that purpose is in the county court. (*Beatty* v. *Clegg,* 214 Ill. 34; *Mather* v. *Minard,* 260 id. 175.) But this was not a proceeding of that kind. The will was in existence when the county court acquired jurisdiction to determine whether it should be admitted to probate, and after the appeal it was filed in the circuit court, which acquired jurisdiction by the filing of the transcript to determine whether that instrument was the last will and testament of Mahaly Rardin. The circuit court having acquired jurisdiction to admit the instrument to probate, the jurisdiction was not thereafter lost by the act of a burglar breaking ino the attorney's office and taking the will. The restoration of the paper, the existence of which had been established in the county court, was all that was necessary to enable the circuit court to proceed.

The evidence above recited fulfilled all the conditions of the law and was sufficient to admit the will to probate. *Thompson* v. *Owen,* 174 Ill. 229; *Gould* v. *Theological Seminary,* 189 id. 282; *Mead* v. *Presbyterian Church,* 229 id. 526; *Thompson* v. *Karme,* 268 id. 168.

The appellant objects to the judgment because the appeal bond ran to the estate of Mahaly Rardin, deceased,

when it should have run to the opposite party. It should have been made to the adverse party, (*Schofield* v. *Thomas,* 231 Ill. 114,) but the record does not show any objection to the bond or motion to dismiss for an insufficient bond, and it is too late to make the objection now.

It is also urged against the judgment that there was no proof of the death of Mahaly Rardin. There was sufficient evidence of her death in the testimony of various witnesses that they had been acquainted with "Mahaly Rardin, deceased." She was spoken of by the witnesses as "Mahaly Rardin, deceased."

The judgment is affirmed.        *Judgment affirmed.*