(No. 10940.)

THE PEOPLE, for use of Edward Gobin, Appellee, *vs.* THOMAS MAY, JR., *et al.* Appellants.

*Opinion filed December 21, 1916.*

1. PRACTICE—*bill of exceptions should be taken at the term the ruling is made.* A bill of exceptions must be taken at the term at which the ruling excepted to is made or within such further time as the court may at that term grant for that purpose, and a ruling denying a motion for a change of venue at one term is not saved for review by a bill of exceptions taken at a subsequent term.

2. SAME—*it is never too late to question jurisdiction of the subject matter.* It is never too late to question the jurisdiction of the subject matter, as such jurisdiction cannot be conferred by the consent of the parties; and the fact that a party appears and joins in error in a case in the Supreme Court does not preclude his right to move to dismiss the suit, after the cause has been remanded, upon the ground that the Supreme Court had no jurisdiction of the subject matter.

3. JURISDICTION—*judgment of the Supreme Court is not void though case is before it by certiorari instead of appeal.* The Supreme Court has jurisdiction of the subject matter of reviewing judgments of the Appellate Court, and its judgment reversing that of the Appellate Court is not void, even though, because of the amount involved, the case should have been brought to the Supreme Court by a certificate of importance and an appeal instead of by a petition for *certiorari,* where the defendant appeared and joined in error, thus giving the court jurisdiction of his person.

4. BONDS—*when plaintiff in suit on official bond need not produce the original bond.* In a suit on an official bond, where the defendants crave oyer and file an unverified plea of *non est factum,* it is not essential for the plaintiff to produce the original bond if a certified copy of the bond filed in the office of the Secretary of State is produced, as the plaintiff, in such case, is not required to prove the execution of the instrument.

5. SAME—*when a cause of action for breach of official bond in taking an insufficient appeal bond arises.* Where an appeal bond is conditioned that the defendant shall prosecute its appeal and shall pay the judgment, costs, interest and damages in case the judgment shall be affirmed by the Appellate Court, the cause of action for breach of the official bond of the clerk of the court for taking an insufficient appeal bond arises at the time judgment is affirmed.

6. PLEADING—*matters of fact taking case out of operation of the Statute of Limitations should be set up by replication.* Where the Statute of Limitations is pleaded, if there are matters of fact which take the case out of the operation of such statute they should be set up by replication to the plea and cannot be availed of on demurrer.

7. TRIAL—*purpose of opening statement.* The purpose of an opening statement is to advise the jury concerning the questions of fact involved, to prepare their minds for the evidence to be heard and give them an idea of the nature of the action and defense, and it is not error for the court to restrain counsel who is exceeding the proper limits of such statement.

8. SAME—*when permitting lost files to be restored without notice is not error.* Where the plaintiff makes a motion to restore lost files at the same time the defendant moves for a new trial, it is not error for the court subsequently to act on the motion without notice and permit the files to be restored, where there is no question as to the correctness of the restored files nor any rule of court requiring notice before acting on the motion.

9. APPEALS AND ERRORS—*when fact that judgment exceeds the amount of damages stated in the summons cannot be availed of.* Where the summons in an action for breach of an official bond states the debt as $10,000 and the damages as $5000, and the *ad damnum* of an amended declaration filed ten years later is $10,000, the fact that the amount of the judgment, which includes interest during the long pendency of the suit, exceeds the amount of damages stated in the summons cannot be availed of as error on appeal if no attempt to correct the irregularity was made on the trial.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding.

CHAS. P. WISE, and FRED B. MERRILLS, for appellants.

C. H. BURTON, and BURTON & BURTON, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is the same case in which judgments of the Appellate Court for the Fourth District and the city court of East St. Louis in favor of the appellants were reversed and the cause remanded to the city court. (*People* v. *May*, 251 Ill. 54.) It was there decided that it was a breach of the official bond of the appellant Thomas May,.Jr., as clerk of the circuit court of St. Clair county, to take an appeal bond on which the only surety was not a resident of this State, and after the cause was re-instated in the city court an amended declaration was filed in which that breach, only, was alleged. To the amended declaration the defendants interposed thirty-two pleas. General replications were filed to seventeen of these pleas and demurrers were sustained to the remainder. There was a trial of the issues, resulting in a verdict finding the debt to be $10,000 and assessing the damages at $6269.59. Judgment was entered on the verdict, and on appeal to the Appellate Court for the Fourth District the judgment was affirmed and a certificate of importance and further appeal to this court were granted.

The denial of a motion for a change of venue on account of the alleged prejudice of the judge is assigned as error, but the record does not present any question concerning that motion. The bill of exceptions taken at the conclusion of the trial at the January term, 1915, contains a copy of a petition for a change of venue and an order denying the petition at the September term, 1914. A bill of exceptions must be taken at the term at which the ruling excepted to is made or within such further time as the court may at that term grant for that purpose. (*Village of Franklin Park* v. *Franklin*, 228 Ill. 591.) No bill of exceptions was taken at the September term, so that there is

nothing to review concerning any motion or any petition or order at that term.

The defendants moved the court to dismiss the suit, and also moved the court, at the trial, to direct a verdict in their favor, on the ground that this court had no jurisdiction of the subject matter when the record was in this court before, and therefore the judgment reversing the judgment of the Appellate Court was a nullity and the judgment of the Appellate Court in their favor was final. The defendants appeared and joined in error in this court, but it is never too late to question the jurisdiction of a court over the subject matter of a particular case and consent of the parties will not confer such jurisdiction. (*Doyle* v. *Wilkinson,* 120 Ill. 430; *Town of Audubon* v. *Hand,* 223 id. 367.) Jurisdiction of the subject matter is conferred by law, and this court, by statute, had jurisdiction to review judgments of the Appellate Court, and that jurisdiction could be acquired in a particular case by two different methods. If the judgment exceeded $1000 it could be reviewed on error in pursuance of a petition for a writ of *certiorari,* and in any case the judgment could be reviewed on appeal granted by the Appellate Court with a certificate of importance. A petition for a writ of *certiorari* was filed and granted and the record came to this court by that method. The defendants having appeared and joined in error, submitted the cause for decision. The jurisdiction of the court over the subject matter of the controversy was not affected by the mode in which the case was brought to the court, and if the parties submitted to the jurisdiction so that the court had jurisdiction of the persons the judgment was not void. A court does not act without jurisdiction of the subject matter if by law it might exercise jurisdiction if the case is brought before it in a different way. In *Lynn* v. *Lynn,* 135 Ill. 18, an appeal was taken to the Appellate Court for the First District in a case where a freehold was involved. An appeal to the Appellate Court was not allowed by law

but was required to be taken directly to this court. A further appeal was taken to this court, and on a subsequent writ of error it was contended that the judgment of this court was void for want of jurisdiction. It was decided that this court having jurisdiction of the subject matter, the method by which the cause reached the court did not deprive it of such jurisdiction. (*Lynn* v. *Lynn,* 160 Ill. 307.) Although an appeal will not lie in a criminal case if the record is filed in this court, there have been cases where an appeal was allowed and the case was treated as being in this court on writ of error, and if the record in a criminal cause is filed in this court and the opposite party appears and joins in error the court has jurisdiction. (*People* v. *Miner,* 144 Ill. 308.) The court did not err in denying the motions.

In the first plea the defendants craved oyer of the bond on which the suit was brought and pleaded *non est factum.* It is argued that the court erred in refusing to direct a verdict for the defendants because the original bond was not produced on the trial but a certified copy of the bond filed in the office of the Secretary of State, as required by statute, was received in evidence. The plea of *non est factum* was not verified, and the statute has changed the rule of the common law which required the plaintiff under a plea of *non est factum* to prove the execution of the instrument. The plea was operative only as a plea of the general issue, and it was not necessary to produce the original bond.

The court sustained demurrers to pleas of the Statute of Limitations and the defendants stood by the pleas. The suit was commenced on February 12, 1904, and one answer made to the argument on the ruling is that the plaintiff was a minor five years old when his injury occurred and did not attain his majority until 1906, and therefore would have been entitled to bring suit within two years thereafter. The Statute of Limitations having been pleaded, if there was matter of fact which would take the case out of its operation it should have been set up by replication to the

plea and could not be availed of on demurrer. (*Moore* v. *Capps,* 4 Gilm. 315.) The cause of action, however, did not arise until March 23, 1894. The condition of the bond was that the railroad company should prosecute its appeal and pay the amount of the judgment, costs, interest and damages in case the judgment should be affirmed by the Appellate Court. The judgment was affirmed on March 23, 1894, and the cause of action on the bond first arose at that time.

It would be useless to enter upon a consideration of other pleadings and the rulings of the court on the demurrers. All evidence constituting any defense under the decision of this court was admitted.

Much complaint is made of the effort of the court to restrain counsel for the defendants from making improper statements in the opening statement to the jury and on different occasions during the trial. The purpose of an opening statement is to advise the jury concerning the questions of fact involved, to prepare their minds for the evidence to be heard and give them an idea of the nature of the action and defense. (*Pietsch* v. *Pietsch,* 245 Ill. 454; *People* v. *Arnold,* 248 id. 169; *People* v. *Hamilton,* 268 id. 390.) The learned counsel for the defendants exceeded proper limits both in the opening statement and during the trial, and the court did not commit any error.

The defendants made a motion for a new trial and at the same time the plaintiff moved for leave to restore lost files. It is objected that the court afterward acted on the motion without notice of the time when it would be heard. It appeared that the original files were lost and the substituted copy was certified by the clerk of the Appellate Court, so that there was no question as to the correctness of the copy. It does not appear that there was any rule of court requiring notice of such a motion, and there was no error in permitting the files to be restored. *Rardin* v. *Rardin,* 271 Ill. 216.

276 – 22

The summons in the case, issued in 1904, gave the debt as $10,000 and the damages as $5000. The *ad damnum* of the amended declaration filed in 1914 was $10,000. The judgment, which included interest during the long pendency of the suit, exceeded the amount stated in the summons. If there was an irregularity in respect to the amount it was one of form, which might be amended at the trial, and as no objection was made in the trial court no advantage can be taken of the amount on appeal. *Grand Lodge of Ancient Order United Workmen* v. *Bagley,* 164 Ill. 340.

The judgment is affirmed.        *Judgment affirmed.*