Lingle v. Clear Creek Drainage & Levee District, 206 Ill. App. 453.

*relating to personalty.* Equity will not decree the specific performance of a contract which relates to personalty, where compensation in damages furnishes a complete and satisfactory remedy.

---

## James Lingle, Appellant, v. Clear Creek Drainage & Levee District et al., Appellees.

1. COURTS, § 83*—*when Circuit Court has no jurisdiction of creditor's bill.* On a creditor's bill filed against a defunct drainage district and the county clerk, where it was sought to have a fund in the hands of said clerk and received by him from said district, and representing money turned over by the district for payment to property owners, applied towards the payment of complainant's judgment and where appellee raised the question of the jurisdiction of the trial court over the subject-matter, *held* that the fund did not belong to the clerk, but was only in his hands as county clerk, and was really in the custody of the court itself, and that the Circuit Court had no jurisdiction to direct the County Court or its officers as to the manner or to whom said fund should be paid.

2. COURTS, § 67*—*when question of jurisdiction can be raised.* The question of jurisdiction over the subject-matter of a suit can be raised at any stage of proceedings.

Appeal from the Circuit Court of Union county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed June 18, 1917.

A. NEY SESSIONS and JAMES LINGLE, for appellant.

GEORGE H. GREAR, for appellees.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This record is concerned with an appeal from a decree entered on a creditor's bill filed by James Lingle, as complainant, in the Circuit Court of Union county, against the Clear Creek Drainage & Levee District, designated in the bill as the principal defendant, and Charles L. Kimmel, county clerk of said county, designated as the codefendant.

The bill alleges that on June 23, 1914, the complainant recovered a judgment at law in said court against the principal defendant for the sum of $6,000 for attorney's fees for services rendered continuously from January 1, 1908 to December 31, 1912; that execution was issued and delivered to the sheriff of said county where the principal defendant resided at that time, and was returned by him wholly unsatisfied, he certifying that he could find no property in his county whereon to levy to make any part of the amount of the judgment; that said judgment remains in full force and wholly unsatisfied; that the bill is not exhibited in collusion with the principal defendant or any other person, or for the purpose of protecting said defendant's property from other creditors, but for the sole purpose of compelling payment of said judgment; that appellant is informed and believes, and states the fact to be, that said codefendant has in his possession, or under his control, the sum of $2,000 belonging to the principal defendant, which the codefendant holds in trust or otherwise for the benefit of the principal defendant, or in which the latter is in some way, beneficially or otherwise, interested; that the principal defendant, during the years aforesaid, was a duly-acting corporation *de facto*, having been on May 1, 1908, duly declared a corporate body by the County Court of said county, which appointed certain commissioners, who qualified as such; that said cor-

porate body until January 1, 1913, assumed and took to itself all the powers, rights, privileges and duties pertaining thereto; that during said years aforesaid, the principal defendant proceeded to condemn certain right of way for corporate purposes, and, pursuant to proceedings in connection therewith, paid the sum of $2,000 to said codefendant as county clerk of said county; that on December 12, 1912, the organization of said principal defendant was declared invalid by the Supreme Court of this State, and thereupon said principal defendant ceased to do and transact business as such corporate body, and ceased to exercise corporate authority, and the purpose for which it was organized failed and was fully abandoned; that said sum of $2,000, which had been paid by the principal defendant for the purpose of paying to the several landowners the several amounts allowed them in said condemnation proceedings, remains in the hands of said codefendants, the said landowners not having received the same and not having demanded or claimed said moneys or any part thereof; that said principal defendant is insolvent and that in equity and law said sum of money should be applied towards the payment of the judgment debt of the complainant. The prayer of the bill was, that said Charles L. Kimmel, county clerk, be decreed to pay to complainant the moneys in his hands received by him as aforesaid, from the principal defendant, to be applied towards the payment of complainant's judgment debt.

The codefendant Kimmel filed an answer denying that the principal defendant had any right or authority to enter into a contract for the employment of the complainant as attorney, and further denying that said sum of $6,000, or any part thereof, was legally due to complainant on account of said alleged employment. Said defendant further denied that said sum of $2,000 had been paid to him by the principal de-

fendant or was now in his hands as alleged in the bill of complaint, but stated that on May 9, 1912, there was paid to him by the principal defendant the sum of $1,128.20 for the purpose of paying certain judgments rendered in condemnation proceedings had in the County Court of said county, wherein said drainage and levee district was petitioner and certain landowners defendants. Said defendant further stated that there was due to him as county clerk the sum of $2,000 as costs which had accrued in and about the proceedings had and carried on by said drainage and levee district in said County Court, no part of which had been paid, but which remained a judgment and debt against said principal defendant. The other matters and things alleged in the complaint, the answer neither admitted nor denied, but asked for strict proof thereof. A replication was filed and the case was tried upon said pleadings and an agreed state of facts.

The facts as agreed to were substantially as set forth in the bill, except that the amount in the hands of the county clerk was stated to be $1,128.20 as named in the answer, instead of $2,000 as alleged in the bill. It was further agreed that the only right, title or claim the said codefendant had to said sum of money in his hands was the alleged right to apply the same towards the payment of the fees and costs due him as county clerk. The stipulation concluded as follows: "It is further agreed and understood that the said codefendant, Charles L. Kimmel, by joining in this stipulation, does not waive or admit the validity or legality of the said judgment, obtained by the complainant against the said drainage district, but all right to object to such judgment on the ground that the same could not be and was not legally obtainable at the time said suit was brought by the complainant

against the said drainage district is hereby reserved to said co-defendant.'' Upon the hearing the bill was dismissed for want of equity and appellant urges here. that the decree is erroneous because it is contrary to the effect of the pleadings, the agreed facts and the law.

Appellee raises the question of the jurisdiction of the trial court over the subject-matter of this suit, and that is a question which may be raised at any time. *People v. May,* 276 Ill. 332; *Walton v. Pryor,* 276 Ill. 563, and cases cited. The fund involved here appears from the stipulation of facts to have been paid to the codefendant, Kimmel, as county clerk and *ex officio* clerk of the County Court, by the Commissioners of the Clear Creek Drainage & Levee District, for the purpose of paying certain judgments rendered in condemnation proceedings had in said County Court, wherein the principal defendant was petitioner and certain landowners living in the district were defendants. The money so paid in did not belong to the county clerk, but was only in his hands as clerk of the County Court, as custodian thereof for said court. The funds were really in the custody of the court itself. The Circuit Court had no authority by any independent proceeding to direct the County Court, or its officers, in what manner or to whom said funds should be paid. The question of want of jurisdiction was therefore not only properly raised but should be sustained, and the disposition of this fund should be left to the County Court, which has the custody of it. Under the stipulation above referred to, the right is reserved to the codefendant Kimmel to question the validity of the judgment obtained by appellant against the drainage district, and a considerable portion of the briefs are devoted to a discussion of that subject. While the authorities relating to this ques-

458 APPELLATE COURTS OF ILLINOIS.

Chicago W. & S. F. Co. v. Highland P. M. & L. Co., 206 Ill. App. 458.

tion do not dispose of it in a manner that is entirely satisfactory, yet it would seem that under the circumstances of this case the judgment which appellant obtained against the district could not be maintained as a legal judgment.

As, however, in our view of the case, the Circuit Court had no jurisdiction over the subject-matter, it is unnecessary to discuss any other question here. The court below properly dismissed the bill for want of equity, and its decree in so doing will be affirmed.

*Decree affirmed.*