Edward Weisner, Appellee, v. Ebenezer W. Engstrom, Appellant.

Gen. No. 7,898.

Heard in this court at the February term, 1928. Opinion filed August 28, 1928. Rehearing denied February 12, 1929.

C. S. Thomas, for appellant.

Early & Early, for appellee.

Mr. Presiding Justice Jones delivered the opinion of the court.

Edward Weisner, a creditor of the Montana State Bank of Fallon, Montana, brought an action of debt against Ebenezer W. Engstrom to recover $500, on account of an assessment against Engstrom as a stockholder of said bank.

The declaration charges that the bank had failed; that Engstrom was a stockholder in it, and owned five shares of the par value of $100 each; that the district court of the sixteenth judicial district of the State of Montana had determined that an assessment of $100 per share should be levied against all shareholders of the bank, and that in addition to the available assets, the full amount of such levy was needed in the liquidation of the bank's affairs; and that the said district court had appointed a receiver for the bank and authorized him to institute proper proceedings against the several stockholders for the recovery and collection of the par value of their respective holdings. This suit was not brought by such receiver, but by a creditor for the use of all creditors of the bank.

A demurrer was sustained to the original declaration. An amended declaration, with the averments above set out, was filed and a demurrer to it was overruled. The amended declaration was accompanied by an affidavit of plaintiff's claim, under section 55 of the Practice Act, Cahill's St. ch. 110, ¶ 55. The defendant filed a plea of the general issue, and five spe-

cial pleas, all accompanied by an affidavit of defense. The first special plea sets forth certain laws of Montana, and avers that by reason thereof the courts of that State have exclusive jurisdiction of the matter, and that the circuit court of Winnebago county is without jurisdiction. The second special plea avers that plaintiff is not the proper person to bring this suit. The third special plea avers that no court in Montana ever obtained jurisdiction of defendant's person, and any order of court which may have been entered there, failed to impose any liability on him. The fourth special plea avers that there has been no determination by a Montana court of the just proportion of the corporate indebtedness to be borne by the defendant, and that until such determination, the courts of Illinois will not take jurisdiction. The fifth special plea is one of *nul tiel record.*

At the special July 1927 term of the circuit court of Winnebago county, a motion was made by plaintiff to strike the first four special pleas. The record does not disclose the grounds of the motion, but it was allowed and the pleas were stricken. No bill of exceptions, incorporating the four stricken pleas and the ruling of the court thereon, was preserved. In the absence of a bill of exceptions showing such motion and ruling, we cannot give consideration to the error assigned. (*Finch & Co. v. Zenith Furnace Co.,* 245 Ill. 586; *People for use of Gobin v. May,* 276 Ill. 332; *Illinois Surety Co. v. Munro,* 209 Ill. App. 407.)

At the next succeeding term of the circuit court, plaintiff moved to strike the affidavit of defense and the fifth special plea. This motion was in writing and made no reference to the plea of the general issue. The grounds of the motion are that the affidavit presents the identical defense set forth in the first four special pleas which had been stricken, and also that the fifth special plea is a plea of *nul tiel record* and was not supported by the affidavit of defense. The motion

was allowed and the fifth special plea and the affidavit of defense were stricken. The defendant thereupon elected to stand by his pleadings and judgment was entered against him as by default. From that judgment this appeal is prosecuted.

In cases of this kind, the plaintiff must both aver and prove that a court of foreign jurisdiction has determined the relations of the creditors, stockholders and the corporation to each other, and the proportionate share of the corporate indebtedness to be borne by the stockholders of the insolvent corporation, before any action will lie in Illinois against a stockholder. We are of the opinion that such a determination is necessary as a condition precedent to the maintaining of an action in this State against a stockholder of a foreign corporation. (*Young v. Farwell,* 139 Ill. 326; *Tuttle v. National Bank of the Republic,* 161 Ill. 497.)

The declaration expressly averred that such a determination had been made by a court of competent jurisdiction in the State of Montana. But the affidavit of defense denied that any such determination had been made. Such denial raised a triable issue and if it should be decided in favor of the defendant, then no recovery can be had against the defendant in the present action. The plea of *nul tiel record* was a proper plea and the affidavit of defense was broad enough to include it. It therefore follows that the court erred in striking the fifth special plea and the affidavit of defense. However, no error was assigned as to the striking of the plea, but error was assigned because of the striking of the affidavit and the entering of judgment as by default. The errors have been sufficiently presented and as they deprive appellant of the right to submit his case, this cause must be reversed and remanded.

The fact that the general issue was left on file is of no moment, because under section 55 of the Practice Act, Cahill's St. ch. 110, ¶ 55, when the affidavit of de-

fense was stricken, the plaintiff had a right to move for judgment as in case of default. The plea without an affidavit could not prevent the allowance of the motion. Nothing can be shown under any plea in the absence of an affidavit of defense when the plaintiff has already filed an affidavit of claim under said section 55.

*Reversed and remanded.*