## Edwin Wild, Exr. etc.

### *v.*

## Sarah W. Sweeney *et al.*

1. Wills—*courts of chancery have no jurisdiction to probate.* A court of chancery has no jurisdiction to admit a will to probate, that being conferred upon the county courts.

2. Where probate of a will is refused on appeal to the circuit court, in a proceeding to which the person named as executor is a party, the decision of the court will be final until reversed, and such person having had a day in court, can not invoke the aid of a court of chancery.

Appeal from the Circuit Court of De Witt county; the Hon. Lyman Lacey, Judge, presiding.

Messrs. Moore & Warner, for the appellant.

Messrs. Fuller & Graham, for the appellees.

Mr. Justice Craig delivered the opinion of the Court:

An instrument of writing, purporting to be the last will and testament of Paschal Mills, deceased, was filed in the county court of De Witt county, and upon proof heard an order was made by the court admitting the will to probate. From this order an appeal was prosecuted to the circuit court, where, upon a hearing, the decision of the county court was reversed, and probate of the will refused. The bill in this case was filed by Edwin Wild, who was named as executor in the will, for the purpose of proving and establishing the will in a court of equity, and the sole question presented is, whether a court of chancery, under the facts presented by the bill, has jurisdiction. Section 18, of article 6, of the constitution, provides, that county courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, appointment of guardians and conservators, and settlement of their accounts. Section 69 of an act in relation to county courts, Rev. Stat. 1874, page 339, in conferring jurisdiction on county courts in

214 WILD, EXR. *v.* SWEENEY *et al.* [Sept. T.

Opinion of the Court.

probate matters, follows, in substance, the language of the section of the constitution.

Section 2, of chapter 148, of Wills, provides that wills shall be in writing, attested by two witnesses, and the same shall be probated in the county court. Section 14 of the same act declares appeals may be taken from the order of the county court allowing or disallowing any will to probate, to the circuit court of the same county, by any person interested in such will, in the same manner as appeals may be taken from justices of the peace, except the appeal bond may be approved by the county clerk; and the trials of such appeals shall be *de novo*. Section 7 provides, that any person interested may, at any time within three years after such will has been probated, contest the validity of the same by bill in chancery.

The constitution, and the various provisions of the statute, clearly and in express terms, determine that the county court shall be the tribunal in which a will shall be probated, and while a court of chancery has express jurisdiction, under section 7, to entertain a bill to contest the validity of a will which has been admitted to probate, it is quite apparent, from the other provisions of the statute upon the subject, that it was never intended to invest any court in the State with power to admit a will to probate, except the county court.

But, independent of the provisions of the legislature manifesting a clear intent to give the county court exclusive jurisdiction over the subject, when a party has a defense or remedy at law a court of chancery will not take jurisdiction.

In this case, it is not only apparent that appellant had a remedy at law in the county court, and if there defeated, by appeal in the circuit court, but he has availed himself of that remedy. He presented the will to the county court, where it was admitted to probate, but upon an appeal by a party in interest, the circuit court, upon hearing the evidence, decided the instrument of writing was not the will of the alleged testator, and refused to admit it to probate. If the circuit court decided erroneously appellant had a remedy by appeal or writ of error, but the decision of the circuit court will be final unless re-

versed.  Appellant has no right, after he has submitted to a trial at law before the circuit court, and has been defeated, to invoke the aid of a court of chancery.  He had his day in court, and with that he must be content.

We do not understand that the text books lay down the rule, that a court of equity will assume the jurisdiction to prove a will.  Redfield, pages 12 to 13, sec. 2, says the jurisdiction of the probate of wills, and of everything pertaining to the settlement of estates, is, primarily, exclusive in the probate court for the district in which the testator is domiciled at the time of his decease.  This general rule is of such universal acceptance in all the American States, as scarcely to require any authority in its confirmation.  Washburn on Real Property, vol. 3, page 431, sec. 10, says:  In this country, provision is made in the several States for establishing a will by a general probate thereof, when it becomes, like a judgment of court, conclusive evidence of its own due execution, on the trial of any matter involving such an inquiry in any other court.

In Adams' Equity, page 484, sec. 248, it is said:  The equity for administering the assets of a testator or intestate does not authorize the court of chancery to try the validity of a will.  The jurisdiction for that purpose, in regard to wills of personal estate, belongs to the ecclesiastical courts, and in regard to wills of real estate, to the courts of common law.  On page 486, the author further says:  But if fraud was practiced on the testator, in obtaining the will, so that the contest really is, whether the will ought to be proved, the proper course is, to oppose the grant of probate, and there appears to be no jurisdiction in equity to relieve.

The citation of other authorities is not regarded necessary.  We are of opinion that a court of chancery has no jurisdiction of the question.  The terms of the constitution and the statute conferring jurisdiction upon the county court, so clearly manifest an intention to provide that the county court shall exercise the jurisdiction, that we can not hold a court of chancery has any power to interfere.

The judgment will be affirmed.

*Judgment affirmed.*