(No. 14661.—Judgment affirmed.)
EMMA BAILEY, Appellant, *vs.* HATTIE KOEHLER *et al.* Appellees.

*Opinion filed October 21, 1922.*

WILLS—*when incomplete will is properly denied probate.* Where a will consisting of separate pages found in different places among the testatrix's personal effects after her death has one page missing which contains two clauses of the will, and there is no evidence to justify an inference that the lost page was destroyed by anyone who would be benefited by such destruction, it is proper to deny probate where the evidence shows that the testatrix prepared a second will, which was not executed but which manifested an intention to change the earlier will.

APPEAL from the Circuit Court of Mason county; the Hon. HARRY HIGBEE, Judge, presiding.

RALPH DEMPSEY, and JESSE BLACK, JR., for appellant.

CLARENCE W. HEYL, EDMUND P. NISCHWITZ, and LYMAN LACEY, JR., for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Kate C. Ramsey died at her home in Mason county on June 8, 1907. She was a widow and owned a farm of 240 acres in Mason county, on which she lived with her

only son, John C. Ramsey. She left her son her only heir-at-law, and in January, 1908, he applied to the county court of Mason county for letters of administration on her estate. Letters were granted, the estate was administered, all debts paid, leaving the real estate free from indebtedness, and the administrator was discharged. Ramsey occupied the farm after the death of his mother as heir-at-law and owner. He died at Mayo Hospital, Rochester, Minnesota, on May 3, 1919, leaving appellees, his two half-sisters, Hattie Koehler and Mattie Thomson, his heirs-at-law. The appellant, Emma Bailey, was a sister of Mrs. Ramsey, and on June 26, 1920, she filed in the county court of Mason county her petition for the probate of an alleged last will and testament of Mrs. Ramsey, in which the appellant and her sisters and descendants of sisters claimed to be devisees. The county court denied probate of the will, and the petitioner appealed to the circuit court, which also denied probate and dismissed the petition at the cost of the petitioner. From that order the petitioner appealed to this court.

The evidence established the following facts: On December 4, 1895, Kate C. Ramsey executed a last will and testament prepared by William Don Maus, an attorney of Pekin, Illinois, and witnessed by his son, Frederick P. Maus, and C. H. Turner. There was no evidence where the will was at any time after its execution until three sheets of the will were found after the death of John C. Ramsey. In a suit-case returned from the hospital containing Ramsey's clothing there was a bunch of keys, and Kate Phillips, a daughter of Emma Bailey, and John D. Phillips, her husband, took the keys and went to the Manito Bank looking for a will or whatever they might be able to find belonging to Ramsey or his mother, Kate. They did not find any will among the papers at the bank and went to the Ramsey homestead and searched the premises. In a trunk on the first floor of the house they found papers, clothes, pictures, leases, insurance papers and letters, some of the clothing

belonging to Ramsey and some that had belonged to his mother. In the tray of the trunk they found the last page of the will, with the figure 4 at the top. The sheet was typewritten with the exception of the date, in which appeared "4th" and "December," and the signatures of Mrs. Ramsey and of the witnesses. Mrs. Phillips and husband found nothing further at that time. A week or ten days afterward, upon a renewed search, a bunch of keys was found in the dust in an old vase on a dresser in the northeast room, up-stairs. The drawers of a dresser in the south room were tried with the keys and the top drawer was opened. In it were found some old letters and papers, some knives and forks, an old hat and waist of Mrs. Ramsey and the family Bible. In the Bible was an envelope containing the first page of the will and a page numbered 2 at the top, and a draft for a will in the handwriting of William Don Maus prepared for execution in 1900 but never executed. The script will had lines stricken out with a pen and alterations made. The sheets of the will which were found in the drawer provided as follows: First, that all just debts and funeral expenses should be paid; second, in case the son, John C. Ramsey, survived the testatrix the will gave him all the personal estate as his absolute property, but if she should survive him the personal estate was to pass as provided in clause 5 of the will, and that clause must have been on sheet No. 3. The third clause provided that if the son survived the testatrix, a life estate was devised to him free from liability for his debts, present or future, with a prohibition against the disposing of or mortgaging the income, and providing that upon any attempt to dispose of or pledge the income the possession should pass to a trustee under an active trust for the benefit of the son. At the bottom of the second sheet were these words: "And it is my will that all such real estate shall at the decease of my said son descend and pass in fee in equal shares to the lawful." It is evident that there was a page numbered 3,

which was never found, and page numbered 4 begins with these words: "have died before the taking effect of this clause to take the same share the parent would have taken had she survived until the time of the taking effect of this clause." This is followed by the sixth clause, which provides for settling the estate out of court; and lastly there is a provision that if administration of the estate should become absolutely necessary, then she appointed her son, John, executor without bond. It is evident that the fourth and fifth clauses were on the third sheet, and what at least one of them was is still unknown. At the bottom of the last sheet, below the attestation clause and the signatures of the witnesses, appears in the handwriting of the testatrix the word "Codicil." The sheet below the word "codicil" has been cut off, leaving the upper part of letters, showing that there was a codicil which had been cut off.

Frederick P. Maus, son of William Don Maus, lived in the State of Oregon and appeared at the trial and testified to his recollection of the contents of the third page. He testified that his father wrote the draft for the will in longhand and he transcribed it in typewriting from the draft. He was also a witness to the will, and testified that he had a talk with Mrs. Ramsey when she was at the office, and from her conversation and his recollection he testified one of the clauses (which he said must have been the fifth) provided that in the event of John C. Ramsey dying without leaving lawful children, the estate was to pass to the four sisters of Mrs. Ramsey. There appeared on page 2 of the will pencil marks, one of which was a check mark, another enclosed some words, and another consisted of the words "estate and." He testified that the pencil marks were not on the will when it was executed, and he did not recognize the handwriting of the words "estate and." He also said that the bottom of the fourth page of the will was not cut off at the time it was executed. Mrs. Ramsey

at different times stated to various persons that she had made a will or had a will, and when the will was executed, and up to 1902 or 1903, there was a reason existing, which Mrs. Ramsey sometimes stated, for limiting the devise to her son, John, to a life estate with the prohibition in the will, but after that the reason did not exist.

The missing page certainly contained a fourth and a fifth clause, and the testimony of Frederick P. Maus related to only one of them, but whether his testimony was sufficient to prove the contents of that page or whether so much of a will as can be proved may be admitted to probate is of no importance, since the evidence is quite convincing that the will, if proved, or the portion proved, was not the will of Mrs. Ramsey at the time of her death. She was not satisfied with the will in 1900, when the script will was prepared but not executed. It is true that the substance of the script will was very like the original will, but it manifested an intention to make changes. Mrs. Ramsey at some time not shown by the evidence made a codicil and cut it off. Whether the codicil was ever executed or not, the making of it manifests dissatisfaction with the will. The portions of the will which were found were separated and found in different places, and each receptacle contained articles of personal property of Mrs. Ramsey. While John C. Ramsey would have been benefited by the destruction or revocation of the will, when all the evidence is considered there is nothing which would justify an inference that the third page was either taken or destroyed by him.

The conclusion of the circuit court was correct and the judgment is affirmed.            *Judgment affirmed.*