(No. 16268.—Judgment affirmed.)
HARRY C. LEEMON, Appellant, vs. TILLIE LEIGHTON, Appellee.

*Opinion filed December 16, 1924.*

1. WILLS—*when a will is presumed to have been destroyed.* Where possession of a will is retained by the testator and after his death it cannot be found, the presumption of law is that the testator destroyed the will with intent to revoke it, but such presumption is subject to rebuttal by proof to the contrary.

2. SAME—*when statements of testatrix that she destroyed her will are admissible in evidence.* The rule that declarations of a testator, after execution of the will, at variance with its provisions are not competent to validate or modify it in a contest suit can not be applied, in a proceeding to probate an alleged copy of the lost will of a testatrix, to exclude evidence of statements of the testatrix, in whose possession the will was retained after its execution, that she had destroyed her will, as such evidence merely supports the presumption of law that the will was destroyed.

3. SAME—*when evidence is not sufficient to rebut presumption that will was destroyed.* In a proceeding to probate an alleged copy of a lost will which remained in the possession of the testatrix after its execution, the presumption that the will was destroyed by the testatrix is not overcome by proof that her sister, being her only heir, was benefited by the intestacy and that it was possible the sister's husband had an opportunity to get the will after the testatrix's death, where there is abundant evidence of the testatrix's dissatisfaction with the will and two witnesses testify that she said she had destroyed it.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN A. SWANSON, Judge, presiding.

HARRY C. LEEMON, *pro se,* and ROY C. MERRICK, of counsel.

ASHCRAFT & ASHCRAFT, (E. M. ASHCRAFT, and NORMAN L. OLSON, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Harry C. Leemon filed a petition in the probate court of Cook county for the probate of an instrument alleged to be a copy of the last will of Margaret Howard, who died March 12, 1922. Deceased was a widow, and the petition alleged she left real estate of the value of $35,000 and $2000 personal property. A sister, Mrs. Tillie Leighton, survived her as her only heir-at-law. The petition alleged Mrs. Howard duly made and declared her last will and testament December 2, 1921, and December 10 duly made and declared a codicil to said will; that the will and codicil were in existence, unrevoked, at the time of the death of Mrs. Howard, or if not in existence at that time had been destroyed without her knowledge or consent. An alleged copy of the will is attached to the petition and made a part thereof, and the petition prays that the will be admitted to probate as a last will. The probate court of Cook county denied probate of the will, and Leemon appealed from the judgment to the circuit court. The cause was heard in that court and a judgment and order entered denying admission of the will to probate. From the judgment of the circuit court Leemon has prosecuted an appeal to this court.

The evidence shows Mrs. Howard was a widow and was about sixty years old at the time of her death, March 12, 1922. She lived in a building in Chicago which she owned. Her nearest relative and only heir-at-law was a sister, Tillie Leighton, who with her husband and child lived a few blocks from Mrs. Howard. Previous to her death Mrs. Howard had been seriously ill for some months. Probably realizing she had not much longer to live, she had her physician, Dr. Hiskey, on December 2, 1921, begin the draft of a will for her. The paper the doctor wrote was signed by Mrs. Howard, the doctor and Esther Larson. The instrument was not a legal will and was never completed. Subsequently Leemon was sent for and prepared a will, which was duly executed and witnessed and was dated Decem-

ber 2, 1921.   On or about December 10 she executed a
codicil revoking paragraph 4 of the will, which gave Sarah
Prevost $2000, to be held in trust by the executor and paid
out during the next five years after the death of testatrix
for the education of Sarah Prevost.   In February, 1922,
Frank A. Leighton, husband of Mrs. Howard's sister, Tilly,
prepared another will for her making a different disposition
of her property, or some of it, from that made by the will ·
prepared by the appellant, which is called the Leemon will.
That instrument was dated February 13, was signed by Mrs.
Howard and only one witness, Mabel Clark, and when the
paper was found after Mrs. Howard's death her signature
and that of the witness had been cut off.   It is undisputed
that Mrs. Howard made only one valid will, and that was
the Leemon will.

In the partial draft of a will by Dr. Hiskey one or two
of the provisions are similar to those of the Leemon will.
The Leemon will disposed of the entire estate of testatrix,
and among other provisions gave her sister, Mrs. Leighton,
$500, and named appellant as executor and trustee.   The
so-called Leighton will by the second clause devised and
bequeathed to the testatrix's sister——, leaving the com-
pletion of the sentence blank.   Leighton was named execu-
tor and trustee, and the residue of the estate at the trustee's
death was to go to the Hospital for Incurables in Chicago.
But that instrument never was a valid will.

Appellant's material contention is that the Leemon will
was never destroyed by the testatrix, or if she did destroy
it she did not do so with the intention to revoke it.   Ap-
pellant argues that the evidence warrants the conclusion
that Frank A. Leighton, whose wife was Mrs. Howard's
only heir, destroyed the will; and if that position is not
sustained, it is argued the destruction of the will was con-
nected with the making of another will, warranting the in-
ference that she meant the revocation to depend upon the
sufficiency of the new will, and intended if the new will

failed the original will should remain in force. The Lee-
mon will, after its execution, was kept in possession of the
testatrix, and the presumption of law is, when possession
of the will is retained by the testator and after his death it
cannot be found, that he destroyed it with intent to revoke
the will. That presumption is subject to be rebutted by
proof showing the contrary. That rule of law is not dis-
puted, and upon that branch of the case the disputed ques-
tion is whether the testimony, to support appellant's conten-
tion that Leighton secured the will immediately after Mrs.
Howard's death and destroyed it, is sufficient to overcome
the presumption.

We shall not attempt to set out the evidence. That for
appellant tended to show Leighton had an opportunity to
procure and destroy the will immediately after Mrs. How-
ard's death; that Mrs. Howard a number of times shortly
before her death spoke of the will appellant had written as
if it was still in existence; and further, that it was to the
interest of Leighton's wife that her sister die intestate. On
the other hand, Leighton, who was called as a witness by
appellant, testified he did not destroy the will, that he never
saw it after Mrs. Howard's death, that he saw it when he
at Mrs. Howard's request attempted to prepare a will for
her, but left it in her custody and has never seen it since.

Flora Benson testified she was a frequent visitor to
Mrs. Howard from December, 1921, until her death; that
Mrs. Howard told witness about March 1 that appellant had
drawn a will for her but it was very unsatisfactory and that
she had put it in the stove and destroyed it.

Pauline Morse testified she worked at intervals for Mrs.
Howard two years before her death; that late in February,
1922, Mrs. Howard talked to her on two occasions about
having made a will called the Leemon will, and said she had
destroyed it and intended making another will.

Appellant objected to proof of statements made by tes-
tatrix that she had destroyed her will and insists that testi-

mony was incompetent. Upon that proposition this court said in *Holler* v. *Holler,* 298 Ill. 418: "The declarations of a testator after the execution of his will are admissible, in the event of its loss, to show that it had not been canceled. (*In the matter of Page,* 118 Ill. 576.) Under the same circumstances they are admissible to show that the loss or destruction was in accordance with the testator's purpose." The declarations of a testator, after execution of his will, at variance with its provisions are not competent to invalidate or modify the will in a suit to contest its validity. (*Waters* v. *Waters,* 222 Ill. 26; *Martin* v. *Beatty,* 254 id. 615.) The reason for the rule under those circumstances does not apply to proof of statements of the testator, in whose possession the will was retained, and where the will cannot be found after his death, that he had destroyed it. Such proof supports the presumption of the law that the will was destroyed by the testator.

There is no proof in this record of the existence of the will after Mrs. Howard's death. There was testimony of a possible opportunity Leighton had to get the will after her death, but the testimony was insufficient to sustain the charge, standing alone, and much less so in view of the other testimony we have above referred to. It is true Leighton's wife was benefited by her sister dying intestate. Mrs. Howard made one will and made some attempt to make two others. She was sixty years old and realized she could not recover her health. No two of the attempted wills were alike, and the proof is abundant that she expressed great dissatisfaction with the Leemon will, and two witnesses testified she said, in connection with her expression of dissatisfaction with that will, which was the only valid will she executed, that she had destroyed it. That the will was destroyed we must accept as a fact, for it has never been found or produced, and under the authority of *Holler* v. *Holler, supra, St. Mary's Home* v. *Dodge,* 257 Ill. 518, *Griffith* v. *Higinbotom,* 262 id. 126, and cases cited in the opin-

ions, we are bound to hold, under the state of this record, the will was destroyed by Mrs. Howard in her lifetime for the purpose of revoking it.

Appellant contends that if it be conceded Mrs. Howard destroyed the so-called Leemon will, the inference is warranted that she meant the revocation of that will to depend upon the efficiency of the so-called Leighton will to make a different disposition of her property, and as the execution of the Leighton will was never completed the revocation of the Leemon will failed. Counsel cite many authorities, mostly English cases, in support of the rule of dependent relative revocation, and admit that rule has never been applied in this State in case of an entire will, but cite *Wolf* v. *Bollinger,* 62 Ill. 368, *Hesterberg* v. *Clark,* 166 id. 241, and *Schmidt* v. *Bauermeister,* 279 id. 504, as applying the rule in cases of an attempted revocation of a part of a will, such as erasing the name of one devisee and substituting the name of another. If the rule contended for were recognized in this State it could not be applied under the proof in this case. There is no evidence to support an inference that the revocation of the will depended upon the efficiency of a new one. The testatrix was dissatisfied with the disposition made of her estate by the Leemon will and destroyed it. She said she would make another will and requested Leemon to write one for her. She also requested her brother-in-law, Leighton, to prepare one for her and he made an attempt to do so, but there was no indication that she meant the revocation to be ineffective if the new will did not make a valid disposition of her estate.

The judgment of the circuit court was in accordance with the law and evidence, and it is affirmed.

*Judgment affirmed.*