' (No. 19151.—

EDWARD C. KOESTER, Appellant, *vs.* GEORGE T. JENNINGS *et al.* Appellees.

*Opinion filed February 20, 1929.*

HECTOR A. BROUILLET, (CLYDE C. FISHER, of counsel,) for appellant.

EDGAR D. MOHAN, CASTLE, WILLIAMS, LONG & CASTLE, CAMPBELL & FISCHER, FRANK W. SWETT, and RINGER, WILHARTZ & HIRSCH, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook county denying the petition of appellant to probate a lost will of Edwin B. Jennings, deceased. Jennings died in the city of Chicago on October 31, 1923, leaving a substantial estate in real and personal property in Cook county. On November 2, 1923, the probate court of that county appointed administrators of his estate. That court found that he left surviving him as his only heirs-at-law and next of kin, George T. Jennings, Edna E. Quest, Florence E. Brady, Charles R. Jennings, John A. Jennings, Norman C. Brizse, Sarah M. O'Carr and Cassey Bogart. This finding of heirship was later approved in the case of *Bogart* v. *Brazee,* 331 Ill. 160. On January 26, 1926, appellant, Edward C. Koester, sent by mail to a firm of attorneys in the city of Chicago a document purporting to be the will of Edwin B. Jennings. Accompanying the same was a letter requesting the attorneys to file the will in the probate court. On February 1, 1926, this document was filed in the probate court of Cook county. On October 23, 1926, appellant filed a petition in the probate court to probate the document filed on February 1, 1926. In this petition he set forth the names of the eight persons included in the table of heirship and the names of many other claimants to heirship. By his petition he described himself as "the sole legatee and devi-

see under the will of said deceased" but made no claim to heirship, stating that he was without knowledge of the names and relations of the heirs of Edwin B. Jennings. At the time he mailed the purported will to Chicago, and up to December, 1926, appellant was in the State penitentiary of Michigan, at Marquette. The petition came on for hearing in the probate court in March, 1927. The proponent produced one of the attesting witnesses, Mary S. Warner, who testified that the document filed in the probate court was prepared by her at the direction of Edwin B. Jennings on October 3, 1918, and that at his direction she signed his name and he thereupon signed the same by two crosses, and that the instrument was thereupon signed by herself, William Lawrence and Lester Ensign as witnesses. The respondents in that hearing produced a witness, one Oberweiser, who testified that by the water-marks in the paper on which the purported will was written he was able to determine that that paper was not manufactured prior to the year 1920. The probate court thereupon denied probate of the purported will, and appellant, who was proponent in that case, prayed and perfected an appeal to the circuit court of Cook county. On September 20, 1927, while appellant's appeal was pending in the circuit court, a second petition was filed by him in the probate court alleging that the paper then on file in the office of the probate clerk, which the previous petition sought to probate, is, in fact, a forgery, and that appellant, as proponent in the second petition, would have his appeal in the original petition dismissed as soon as it could be reached on call. This second petition set forth an alleged copy of a will which it stated was executed by Jennings on October 3, 1918, the original of which, however, had been, without the knowledge of the petitioner, destroyed or lost. The petition prayed for further hearing concerning the facts of the matter and that the probate court find that the paper now on

file purporting to be the last will and testament of Jennings is, in fact, a forgery, and that the copy of the purported will as set forth in the second petition be probated as the lost will of Jennings. In January, 1928, the second petition was heard in the probate court, and the witnesses Mary S. Warner and Lester Ensign testified. This petition was denied by the probate court and an appeal was taken to the circuit court, where in June, 1928, the petition was again heard and again denied, and the cause comes here on appeal for the reason that Edwin B. Jennings died leaving real property in the county of Cook.

On hearing in the circuit court Mary S. Warner testified positively that a will was dictated to her on October 3, 1918, by Jennings, in the presence of the witnesses Lawrence and Ensign, at the Victoria Hotel, in Chicago, where she was a public stenographer. She also testified that she signed Jennings' name at his direction and that he placed two crosses after his name; that the will was signed by herself and Lawrence and Ensign as witnesses, and that when this was done she handed the paper to Jennings, who put it in his inside coat pocket. She also testified on this hearing that while the signature on the document first filed looked like hers, she was convinced that it was not her signature. She admitted that she had testified on the previous hearing that it was her signature and stated that she thought at that time that it was, but that since she had learned that the paper on which the purported will was made had been manufactured since 1920 she was convinced that it was not her signature. Ensign testified corroborating Mary S. Warner as to the fact of the execution of the will. He also testified that the signature purporting to be his could not be his, although he had once testified that it was. He also stated that the signature looked so much like his he couldn't tell, but that it could not be his, since the paper was not made before 1920. Both witnesses testified

that the will executed by Jennings on October 3, 1918, gave his entire property to appellant.

Appellant also offered witnesses who testified that a certain document referred to by them as similar to the purported will that had been filed in the probate court was in possession of Sophia Koester, mother of appellant, at her home in Michigan, and that subsequent to her death, in January, 1923, the document was in possession of various members of the Koester family until in the latter part of 1925, when it was sent to appellant at the State penitentiary at Marquette, Michigan. On January 26, 1926, it was mailed by him to attorneys Short & Guenther, of Chicago, for probate. As we have seen, it was filed in the probate clerk's office on February 1, 1926. One Willner testified that he was connected with the firm of Short & Guenther, and that on receipt of the purported will he took it to the probate judge with the letter received, who directed his bailiff to have photostatic copies of it made; that the bailiff, together with the witness and counsel for the Jennings heirs, went immediately to the photostatic department of the probate court, where three photostatic copies of the purported will and of the letter were made. One was given to the probate judge, one to the witness, and another to the firm of attorneys representing the heirs-at-law of Jennings.

Appellant contends that the evidence introduced by him showed clearly that a will had been made by Jennings and since his death had become lost or destroyed; that he therefore is entitled to have such lost will probated, and that any other questions affecting the validity of the will can be tried only by a bill in chancery to contest the same. Complaint is also made of the rulings of the court on the admissibility of certain evidence.

It is not contended that the purported will filed at the instance of appellant is the true will. In fact, just the op-

posite is conceded. There is no dispute but that the paper which witnesses stated was in the possession of the Koester family and sent to appellant at the State penitentiary at Marquette, Michigan, was the identical document mailed by appellant to the Chicago attorneys, but the claim of appellant appears to be that after the same was filed it was withdrawn from the files and ·a forged copy substituted and that the will originally sent was the true will, and since it has become lost or destroyed the probate court should have probated the copy submitted with the second petition, which copy was a verbatim copy of the instrument claimed to be a forgery. Therefore, unless there is some evidence of such substitution, the conclusion is inescapable that the purported will shown to have been in possession of the Koester family and by appellant sent to Chicago for filing, and later filed, is the same document which appellant now says is a forgery. There is no evidence in the record of such substitution. There is not the slightest intimation in any of the proof that would even tend to indicate that the document which appellant now says is forged is not the document which he sent to Chicago to be probated. In fact, the testimony all tends to the contrary. This being true, all of the proof of the existence of a will in the possession of the Koester family subsequent to the time of the making of that will is evidence merely that a forged instrument, and not a will, was in the possession of those parties.

Minnie R. Allen testified that some time in 1918 her mother, Sophia Koester, received a large envelope containing a document with a red cover similar to the cover on the document filed for probate on February 1, 1926; that she read the document, and that as near as she could remember it stated that Edwin B. Jennings left everything to appellant and contained the names of several witnesses, and that after the death of her mother, in 1923, she saw the document again in the hands of her brothers. It is then traced to a Mrs. Florence Mink and then to appellant. This

document thus appears by the evidence to have been the same one filed for probate on February 1, 1926. There is nothing in the evidence to show that it was the will of Jennings.

The only remaining evidence in proponent's case upon which he seeks to base a claim of right to probate a lost will is the testimony of the witnesses Warner and Ensign that a will was, in fact, executed on October 3, 1918, by Jennings, giving his property to appellant. That testimony, even if taken as true, would tend to establish only that a will was made by Jennings and after its execution was delivered to and taken away by him. There is no evidence in the record as to what became of that will, if there was one. The presumption under such a state of proof is that it was destroyed by the one who executed it *animo revocandi*. (*Griffith* v. *Higinbotom*, 262 Ill. 126; *St. Mary's Home* v. *Dodge*, 257 id. 518; *Stetson* v. *Stetson*, 200 id. 601; *Boyle* v. *Boyle*, 158 id. 228; *Taylor* v. *Pegram*, 151 id. 106; *In re Page*, 118 id. 576.) In order to overcome the legal presumption of destruction and revocation of the will by Jennings during his lifetime it was incumbent upon appellant to show that the will was in existence at the time of Jennings' death and that it had been lost or destroyed since that time. (*Griffith* v. *Higinbotom, supra; St. Mary's Home* v. *Dodge, supra; Beatty* v. *Clegg,* 214 Ill. 34.) There is no evidence in the record that the will executed by Jennings on October 3, 1918, if one was executed, was in existence on October 31, 1923, the date of his death. Appellant failed utterly to present the *prima facie* proof necessary to entitle him to probate a lost or destroyed will.

It is argued that the court erred in refusing to permit appellant to testify to conversations which he says he had with Jennings after the will was executed. The testimony offered was to the effect that Jennings had informed appellant that he had executed a will in his favor making him

his sole heir and had sent the will to Sophia Koester, in Michigan. It was not error to refuse to admit such testimony. Section 2 of the Evidence act provides that no party to any civil action shall be allowed to testify therein of his own motion or in his own behalf when any adverse party sues or defends as administrator or heir of any deceased person, except as to facts occurring after the death of the deceased. Appellant was an interested party to the proceeding. The adverse parties defending against his petition included the heirs-at-law of the deceased. Appellant therefore was an incompetent witness to testify concerning conversations with or statements of Jennings.

Error is also assigned on the rulings of the court concerning the cross-examination of the witness Mary S. Warner. This had to do with her signature on the instrument filed for probate February 1, 1926, now conceded to be a forgery. While such cross-examination was not material to the issues, the hearing was had before the court without a jury and the rulings were in nowise injurious to appellant.

Other objections to testimony have been urged, but as such testimony related to handwriting and was offered for the purpose of showing that the forged instrument had been prepared by appellant it had no bearing on the issues involved here, and it is not necessary to specifically point out and discuss these objections.

It is evident that appellant has not discharged the burden resting upon him to present *prima facie* proof entitling him to the probate of a lost or destroyed will. The order of the circuit court denying probate and dismissing the petition is therefore affirmed.

*Order affirmed.*