(No. 21720.—

THE RESEARCH HOSPITAL *et al.* Plaintiffs in Error, *vs.* THE CONTINENTAL ILLINOIS BANK AND TRUST COMPANY, Admr., *et al.* Defendants in Error.

*Opinion filed April 22, 1933—Rehearing denied June 9, 1933.*

CUTTING, MOORE & SIDLEY, (CHARLES S. CUTTING, of counsel,) for plaintiffs in error.

McCULLOCH & McCULLOCH, SALTIEL & SALTIEL, HERBERT A. G. WEDEL, and MAYER, MEYER, AUSTRIAN & PLATT, for defendants in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Defendant in error the Continental Illinois Bank and Trust Company, as administrator of the estate of Henry Schoellkopf, Jr., deceased, filed in the probate court of Cook county a will and two codicils thereto, purporting to be the last will and testament of said deceased, and therewith filed a petition stating that Schoellkopf, subsequent to the making of the will and codicils, had married one Kate Daugs at Wurzburg, Germany, who lived with him as his wife until his death. This petition also states that certain beneficiaries under the will have indicated a desire to contest the validity of the marriage of the deceased with Kate Daugs, thereby contesting the revocation of the will and codicils as a result of such marriage. The petition offers the will and prays that a hearing be had and that all necessary orders be made. Certain charitable and religious organizations made beneficiaries under the will sought and secured leave to intervene and urged that the will be probated. Certain of them, including plaintiffs in error here, objected to the admission before the probate court of any evidence of an alleged marriage of the deceased after the execution of the will, on the ground that the probate court has jurisdiction only to admit the will to probate if properly proved and has no jurisdiction to hear evidence to determine whether the deceased entered into a marriage after the execution of the will. The probate court overruled this objection and heard evidence of the due execution of the will and of the subsequent marriage of the deceased and denied probate of the will. On appeal to the circuit

court that court held that the probate court had jurisdiction of the matter of revocation of the will by subsequent marriage, and, on hearing evidence offered by defendants in error as to the marriage, found that the will was revoked by such subsequent marriage and denied its admission to probate. Plaintiffs in error bring the cause directly to this court, a freehold being involved.

The will of Schoellkopf was executed by him on January 15, 1916. On January 9, 1924, and on December 14, 1926, codicils thereto were duly executed and witnessed as required by law. No question is raised as to the due execution of the will and codicils or the mental competency of the testator. There is no dispute in the evidence concerning the marriage of the deceased subsequent to the execution of the will and codicils. Plaintiffs in error offered no proof but objected to receiving testimony on the subject, and gave notice that they contended that the marriage was invalid but that the probate court had no jurisdiction to determine the question of revocation of a will by marriage. The cause comes here, therefore, with but one question in the record, and that is whether the probate court had jurisdiction to consider the question of the revocation of the will by subsequent marriage of the deceased and to deny probate on that ground.

Plaintiffs in error's position is that section 2 of the Wills act specifically and fully defines the limitations of evidence to be heard on an application to admit a will to probate; that it designates the witnesses who may be heard and the questions which the court may consider, and that when the proof required under that section of the act has been made, the probate court is required by the statute to admit the will to probate and has no authority or jurisdiction to investigate any other question touching the validity of the will. Defendants in error, on the other hand, while admitting that there is no statutory provision concerning the reception of proof of the revocation of a will by mar-

riage or otherwise, say that the probate court has, under the provision of the constitution creating it, inherent power and authority to determine whether a will offered for probate is at the time it is so offered not only duly executed but otherwise a valid will, or whether it has been revoked by marriage or other acts or events taking place subsequent to its due execution. This question has not heretofore been presented to this court.

Counsel for plaintiffs in error point to numerous cases of this court, some of which are recent, as authority for their contention that when the provisions of section 2 of the Wills act have been met, the will must, at all events, be probated, leaving the question of its validity to a contest under section 7 of the Wills act. Section 2 of the act is as follows: "All wills, testaments and codicils * * * shall be reduced to writing, and signed by the testator or testatrix, * * * and attested in the presence of the testator or testatrix, by two or more credible witnesses, two of whom, declaring on oath or affirmation, before the county court of the proper county, that they were present and saw the testator or testatrix sign said will, testament or codicil, in their presence, or acknowledge the same to be his or her act and deed, and that they believed the testator or testatrix to be of sound mind and memory at the time of signing or acknowledging the same, shall be sufficient proof of the execution of said will, testament or codicil, to admit the same to record: Provided, that no proof of fraud, forgery, compulsion or other improper conduct be exhibited, which, in the opinion of said county court, shall be deemed sufficient to invalidate or destroy the same; and every will, testament or codicil, when thus proven to the satisfaction of the court, shall, together with the probate thereof, be recorded by the clerk of said court, in a book to be provided by him for that purpose, and shall be good and available in law for the granting, conveying and assuring the lands, tenements and hereditaments, annuities, rents,

goods and chattels therein and thereby devised, granted and bequeathed."

Counsel for plaintiffs in error cite in support of their position, *Shepherd* v. *Yokum,* 323 Ill. 328, *Robertson* v. *Yager,* 327 id. 346, and *American Trust Co.* v. *Eckhardt,* 331 id. 261. In *Shepherd* v. *Yokum, supra,* those contesting the probate of the will sought to show, on the application for probate, that a fiduciary relationship existed between the testator and one Shepherd, claimed to be the dominant influence in the preparation and execution of the will, of which he was largely the beneficiary. The question was whether undue influence is a matter for the consideration of the probate court on an application to probate a will. The only ground urged against admitting the will to probate was that it was a product of undue influence. It was there pointed out, as many times before held by this court, that the proponent is limited in the probate court to evidence of the attesting witnesses for proof that the testator was of sufficient age to make a will; that he executed it in conformity with the requirements of the statute; that the subscribing witnesses were competent as such and believed the testator was of sound mind and memory at the time he executed the instrument. It was also held that the contestant is limited to cross-examination of the witnesses to the will, and that in the probate court proof of these facts by the subscribing witnesses cannot be supplemented by the proponent or denied by the contestant by means of other witnesses, and that on an appeal from the order of the probate court allowing or disallowing a will to probate the proponent may support the will by any evidence to establish a will in chancery, while the contestants, on the other hand, are there confined to cross-examination of the witnesses offered. It was also held that in the absence of proof of fraud, forgery, compulsion or other improper conduct, both the probate court and the circuit court are required to admit a will to probate upon proof that the re-

quirements of the statute have been complied with, and that the court has no power to weigh the evidence further than to determine whether a *prima facie* case of mental competency of the testator has been made out.

In *Robertson* v. *Yager, supra,* where an application had been made to probate a will, it was held that in a proceeding to probate a will the probate court is not empowered to refuse probate of a will because of an agreement among the heirs, devisees and legatees that the will shall not be probated but must admit the will to probate where proper proof of testamentary capacity and execution of the instrument has been made. It was pointed out in that case, as in others, that the disposition of property and the probate of a will are governed entirely by statute, and that where the statutory requirements are complied with no others can be prescribed. It was said in the opinion in that case that the probate court has no power to refuse to probate a will upon any ground other than a failure of proponent to make proper proof of the requirements mentioned in section 2 of the statute, or proof of fraud, forgery, compulsion or other improper conduct concerning the execution of the instrument.

In *American Trust Co.* v. *Eckhardt, supra,* petitions were filed in the county court of Coles county for the admission of a joint will of Mary and Henry Petillon. It was admitted to probate as the will of Mary but its probate as the will of Henry was denied. In this court the question was whether probate was properly refused for the reason that the will, in so far as it was Henry's will, was contingent on Mary's survival and became inoperative after the death of Mary because of the failure of such contingency. Though it was pointed out in that case that proceedings to probate a will are statutory and the proof necessary to probate is prescribed in section 2 of the Wills act, this court considered the will itself to determine whether the circuit court was right in holding that because of its terms the

will should not be probated. This court there held that the circuit court erred in not admitting the will to probate and directed that it be so admitted.

In *Maxwell* v. *Jacob,* 326 Ill. 462, a will had been duly attested by two witnesses, and the question arose whether proof of competency of the testator was of any importance if the statute in regard to its execution had been complied with. It was held that unless the attesting witnesses testify that they believed the testatrix at the time of executing the will was of sound mind and memory probate could not be granted, and that no other witness could be introduced to establish what the law required to be proved by the subscribing witnesses, and that all testimony concerning the sanity of the testatrix, except that of subscribing witnesses, is to be excluded on application for probate of the will.

It will be observed that in all of these cases except *American Trust Co.* v. *Eckhardt, supra,* the question involved related solely to the execution of the will, undue influence and the competency of the testator. In the *Eckhardt case* the probate and circuit courts and this court considered the terms of the will to determine its validity and hence the right to probate it.

In *Buerger* v. *Buerger,* 317 Ill. 401, it was said that the purpose of a probate proceeding is merely to make a *prima facie* case of the execution of the will and the capacity of the testator so that the estate may be cared for, reserving to any person interested the right to contest the validity of the will at any time within a year after probate, and that while probate proceedings are now regarded as a proceeding *inter partes* and not *ex parte,* no issue is required to be made between those who assert and those who deny the validity of the will. That case was a will contest under section 7 of the Wills act. It was also held in *O'Brien* v. *Bonfield,* 213 Ill. 428, *Claussenius* v. *Claussenius,* 179 id. 545, and *Moody* v. *Found,* 208 id. 78, that

until the expiration of the time in which a contest may be filed the order admitting a will to probate is not conclusive.

Counsel for defendants in error argue that section 2, and the cases arising thereunder, have to do only with the due execution of the will and the competency of the testator, and that opinions of courts on the subject must be considered in the light of the questions presented. It is also argued that since the probate court is created by the constitution and thereby given general exclusive jurisdiction over the probate of wills, it lies within the jurisdiction of the probate court to determine whether a will, though duly executed by a competent testator, has nevertheless been revoked by some act or event subsequent to its execution, and that the court may, where necessary, consider evidence, other than that of attesting witnesses, to determine whether such will has been revoked. By section 18 of article 6 of the constitution of 1870 county courts are given "original jurisdiction in all matters of probate, settlement of estates of deceased persons," etc. By section 20 of that article probate courts, when established, are given "original jurisdiction of all probate matters, the settlement of estates of deceased persons," etc. While, as has been frequently stated by this court, the probate of wills is one of statutory regulation, yet the question remains whether, in the absence of a statute controlling the matter, the probate court has jurisdiction, under the constitution creating it, to determine whether, by reason of events occurring subsequent to the execution of the will, the same has become invalidated.

Numerous cases have been passed upon by this court involving the validity of wills by reason of revocation by marriage or other acts or events, in all of which evidence of revocation was first considered in the probate court on petition to probate the will. In *Burton* v. *Wylde*, 261 Ill. 397, a will and codicil, when offered for probate, showed that the name of the testator had been cut from the place of signature to the codicil, with the result that a part of

the residuary clause of the will appearing on the opposite side of the sheet was cut away. The will was held to be invalid and not entitled to probate. In *St. Mary's Home v. Dodge*, 257 Ill. 518, it was sought to probate a copy of a will, the original not being found. The evidence presented was held not sufficient to overcome the presumption that testatrix had destroyed the will, and probate was denied. In *Schmidt v. Bauermeister*, 279 Ill. 504, probate of a will was objected to on the ground of mutilation and unexplained alterations. In *Cantway v. Cantway*, 315 Ill. 244, probate was denied in the probate court on the ground of revocation. The testator had cut out the name of a beneficiary, leaving no means of determining who was to take under the will. In *Leemon v. Leighton*, 314 Ill. 407, a petition was filed to probate an instrument as a copy of a will, claiming that the original was destroyed without intention to revoke. It was held that the evidence failed to overcome the presumption that the destruction was with intention to revoke, and probate was denied. In *Koester v. Jennings*, 334 Ill. 107, the circuit court of Cook county, on appeal, denied probate of an instrument alleged to be a copy of a will. That order was sustained by this court on the ground of want of proof of the existence of a will of which the proffered paper could be a copy. In *Martin v. Martin*, 334 Ill. 115, probate of a will was objected to on the ground of unexplained alterations and interlineations. The due execution of the will and competency of the testator were admitted. It was held that the interlineations were not of a character giving rise to a suspicion that they had not been made by the testatrix, and the will was ordered probated. In *Bailey v. Koehler*, 305 Ill. 25, it was sought to probate certain parts of a will shown to have been duly executed and to supply proof as to the balance. It was held the proof was not sufficient to admit the will to probate, and probate was properly denied. In all but one of these cases there had been proof of due execu-

tion and mental competency of the testator, but the question, considered first by the probate court and then the circuit court and this court, was whether the probate court properly considered and determined the validity of the will and whether it should be admitted to probate.

In *In re Tuller*, 79 Ill. 99, *Ford* v. *Greenawalt*, 292 id. 121, *Wood* v. *Corbin*, 296 id. 129, *Gillmann* v. *Dressler*, 300 id. 175, *Campbell* v. *McLain*, 318 id. 610, *Lawman* v. *Murphy*, 321 id. 421, and in numerous other cases therein cited, due execution and testamentary capacity at the time of the execution of the will were shown, but the question litigated was whether marriage of the testator or testatrix subsequent to execution of the will revoked the same and thus required that the probate court deny its admission to probate. In all of those cases this court considered and decided that question and entered judgment accordingly. Counsel for plaintiffs in error say that these cases are not controlling here because the jurisdiction of the probate court to pass on the question of revocation, by subsequent marriage or otherwise, was not in those cases challenged but that the question is here raised for the first time.

Section 10 of the Descent act (Cahill's Stat. 1931, chap. 39,) provides: "A marriage shall be deemed a revocation of a prior will." A will revoked is no longer a valid will. The word "probate" was in *Schofield* v. *Thomas*, 231 Ill. 114, declared to mean "the legal proof of the due execution and validity of the will," and the question here presented is whether the probate court is bound to admit to probate an instrument which, though shown, under the requirements of section 2, to have been duly executed by a competent testator, thereafter became invalid, under the provision of section 10 of the Descent act, because of subsequent marriage of the testator. Section 2 contemplates the probate of an instrument signed by a competent testator and duly witnessed. It provides that every "will" so proved shall be admitted to record. It

seems clear that this section has nothing to do with and in nowise controls the jurisdiction of the probate court where an act occurring after due execution of the will, such as mutilation of the will, marriage of the testator or other act, destroys its validity as a will. The cases decided by this court holding that the will must be probated on proof made as required by section 2 are right as applied to the questions there raised, but the question here, to put it in another form, is whether the probate court, with jurisdiction conferred by the constitution over matters of probate, may consider the effect of a subsequent marriage or mutilation, or other method by which a will may be revoked, in determining whether the same shall be probated. Nothing in the Wills act nor in the constitution expressly prohibits the consideration of such a question. Is such power a necessary incident to and inherent in the jurisdiction of that court to determine whether the instrument presented for probate is a valid will?

Counsel for plaintiffs in error say that in the cases to which we have referred subsequent marriage was admitted as a fact, while here plaintiffs in error gave notice of their claim that the purported marriage of the testator was not a valid marriage, and such claim raised an issue of fact which could be tried only in a bill to contest the will. Can it be said that the power of the probate court to determine the validity of a will or its revocation by marriage depends upon whether the fact of subsequent marriage is admitted or denied? We think not. The probate court has general original jurisdiction in the matter of the probate of wills. This jurisdiction contemplates that the instrument probated as a will shall not only be shown valid in its execution by the *prima facie* proof required by the statute, but that it shall be valid as a will at the time it is offered for probate and be not revoked. A "will" means a valid will and not an instrument once valid as a will. Jurisdiction to probate wills necessarily implies jurisdiction to refuse to probate instru-

ments which are not wills. The power to determine whether a subsequent marriage is valid, and so revokes the will under section 10 of the Descent act, is but incidental to the power to determine the validity of the will. Whether the act revoking the will is admitted or denied clearly cannot affect the jurisdiction of the court to try and determine the existence of such fact. To hold that the probate court, upon sufficient proof of the due execution of the will by a competent testator, as required in section 2 of the Wills act, must admit the will to probate notwithstanding it is not valid because subsequently revoked, would be to put all parties interested in a will to the expense of prosecuting or defending a separate suit in the circuit court to determine facts which may have been admitted or clearly shown in the probate court. Such a limitation on the power of the probate court conferred by the constitution to probate wills finds no support in the cases.

Counsel say they should be accorded a jury trial, if desired, on the question whether the marriage of Schoellkopf was a valid marriage and so whether the will was revoked, and that such a trial may not be had in a proceeding to probate a will. The right to a jury trial "as heretofore enjoyed," secured by our constitution, is a jury trial in those tribunals which exercise common law jurisdiction. The constitution was not designed to extend the right of jury trial to special summary jurisdictions unknown to the common law. (*Moody* v. *Found, supra.*) The trial of an issue of fact concerning the subsequent marriage of the testator is, as we have said, but incidental to the jurisdiction of the court to determine the validity of the will and so to determine whether it shall be probated. The right to a jury trial is expressly given by section 7 of the Wills act in case a bill is filed to contest the will. There is, however, no constitutional or statutory requirement that a question of fact concerning a marriage be submitted to a jury when such

question arises in a jurisdiction not within the constitutional guaranty of a jury trial.

There can be no contest of a will unless there be an order admitting the will to probate. If such an order is entered where the issue is made as to the validity of a subsequent marriage of the testator the contestant may file a bill to contest the will within the period of limitation and try the question of subsequent marriage as any other question affecting the validity of the will may in such proceeding be tried. There must, however, first be an order admitting the will to probate. If there is no such order there can be no contest under section 7 on any ground, (*Simpson* v. *Simpson*, 273 Ill. 90; *Dean* v. *Dean*, 239 id. 424; *Sharp* v. *Sharp*, 213 id. 332;) though on appeal to the circuit court from an order denying probate the proponent may support the will by any evidence competent to establish a will in chancery. (*Shepherd* v. *Yokum, supra.*) It has been held in cases where a will had been admitted to probate, that the question whether it had been revoked by interlineation or change constitutes ground for contesting it under section 7 of the Wills act. (*Dowling* v. *Gilliland*, 275 Ill. 76; *Wood* v. *Wood*, 263 id. 285; *Wolf* v. *Bollinger*, 62 id. 368.) In the first of these cases it was argued that the order of the probate court admitting the will was *res judicata* as to the validity of the will. This court held otherwise. The fact that revocation is ground for contesting the validity of the will by a separate action does not, of itself, deprive the probate court of the power to consider revocation as an incident to determining whether the will is valid and entitled to probate. This question the probate court must, in the first instance, decide. It is true, those asserting the invalidity of the will on such ground may by a bill contest it if it be probated while the proponent is denied this right of separate action if probate is denied, (*Wild* v. *Sweeney*, 84 Ill. 213,) yet such fact can not be said to affect the jurisdiction of the probate court

to determine whether the instrument presented is, when presented for probate, a valid will or has been revoked.

Throughout the history of the law of probate, from the earliest times, has run a tendency to protect the heirs of a deceased person as against the devisees or legatees under his will. Originally it was required that a will of lands be proved each time it was sought in law to prove title by or through such will. This solicitude for the heirs is evidenced by the early statutes fixing the period within which a will may be contested. While our present statute has reduced that period to one year the first act of this State on the subject fixed a period of five years, while an English statute enacted during the reign of Henry VIII gave thirty years in which to contest a will. It has been said that an order which admits a will to probate is not a final adjudication of the validity of the will until and unless the period for contesting the same has gone by without such contest. (*Dowling* v. *Gilliland, supra.*) Where the order refuses probate of a will a different situation arises. Such an order is subject to review only on appeal to the circuit court where a *de novo* hearing is had, on which, as stated, proponents may offer any evidence to support the will, cognizable in chancery, and may have further review by an appropriate court of review. Such are the rules of probate law. Their application does not depend on the reason for which probate has been denied.

Counsel for plaintiffs in error argue that to hold that the probate court may determine whether a will has been revoked, by marriage or otherwise, is to, in effect, hold that undue influence or the mental condition of the testator may likewise be determined by that court notwithstanding the limitations of section 2. With this we cannot agree. Undue influence or testamentary capacity of the testator have to do with the due execution of and power to execute the will, as to which questions section 2 of the act limits the evidence which may be heard by the probate court to that

of the attesting witnesses, and such other secondary evidence as is provided by section 6 of the act. Revocation presupposes a will validly executed by a competent testator, since an instrument not a will can scarcely be said to be revoked as such. Revocation arises solely out of acts or events subsequent to the making of the will and lies outside the purview of section 2. The power and jurisdiction of the probate court to inquire into the revocation of a will do not arise out of section 2 of the Wills act, but are, as we have said, in furtherance of its jurisdiction over matters of probate conferred upon it by the constitution.

Courts will hesitate to restrict jurisdiction conferred in broad terms by the constitution. While the question of the jurisdiction of the probate court, or the circuit court on appeal, to determine whether a will has been revoked was not directly passed upon in the numerous cases where such action has been reviewed, we are of the opinion that such power is a necessary incident to the jurisdiction conferred by the constitution. Jurisdiction to probate wills must mean jurisdiction to determine the validity of the wills offered. Such power inheres in the jurisdiction conferred by the constitution. It may be further observed that to deny that power would in many cases result in requiring probate of an instrument as a valid will which all concede to be invalid because revoked, thus causing the expense and delay of a separate suit to determine what everyone concedes. Constitutional courts can scarcely be said to be so impotent.

It appearing without contradiction that Schoellkopf married subsequent to the execution of the will and codicils, the probate and circuit courts were right in refusing probate of the will, and the order of the circuit court is affirmed.

*Order affirmed.*